# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0852

Norman G. Clarke, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided    May 23. 2007   )

*Sean A. Kendall*, of Boulder, Colorado, for the appellant.

*S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Richard Mayerick*, Deputy Assistant General Counsel; all of Washington, D.C., for the appellee.

Before HAGEL, LANCE, and DAVIS, *Judges*.

DAVIS, *Judge*: Veteran Norman G. Clarke appeals through counsel from a March 8, 2005, Board of Veterans' Appeals (Board) decision that denied him entitlement to an effective date earlier than September 21, 1999, for his service-connected post-traumatic stress disorder (PTSD).  His appeal is timely and the Court has jurisdiction to review the Board decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  On appeal, we must determine whether Mr. Clarke presented clear evidence to rebut the presumption of regularity that applies to VA mailings when he asserted that he did not receive notice of an unfavorable 1985 VA regional office (RO) decision due to VA's failure to include the "NE." postdirectional designator in his street address.  Because VA's failure to include the "NE." designator was inconsequential to delivery, we hold that Mr. Clarke failed to satisfy his burden of submitting clear evidence to rebut the presumption of regularity.  Accordingly, the Court will affirm the March 2005 Board decision.

# I. BACKGROUND

Mr. Clarke served in the U.S. Army from December 1966 to December 1969. In May 1985, he filed a service-connection claim for PTSD. In September 1985, the Portland, Oregon, RO denied his claim. The RO mailed its denial to "24363 Riverside Dr., St. Paul, OR, 97137." Record (R.) at 143. Mr. Clarke's complete address was "24363 Riverside Dr. *NE.*, St. Paul, OR, 97137" (emphasis added). Appellant's Brief at 2 (citing R. at 56). He did not appeal that decision.

In October 1999, more than 14 years later, Mr. Clarke filed a formal "[c]laim for . . . [s]ervice [c]onnection for PTSD/Depression." R. at 145. The following month, the RO sent him a letter informing him that VA had "previously denied [him] service-connected compensation for PTSD and notified [him] of the decision by letter dated September 9, 1985." R. at 148. The RO then informed Mr. Clarke that because the 1985 decision had become final, in order for VA to reconsider the issue, he needed to submit new and material evidence to show that his condition was incurred in or aggravated by his active military service.

After receiving new evidence, in July 2001, the RO granted Mr. Clarke service connection for PTSD at 100% disabling, effective October 28, 1999. Mr. Clarke filed a Notice of Disagreement (NOD) from that decision challenging the effective date. In his NOD, he stated, "I filed in 1983 or 1984 for PTSD and was denied at that time[.] . . . Please readjust my date to be when I first applied for PTSD." R. at 263.

In its March 8, 2005, decision here on appeal, the Board granted Mr. Clarke a September 21, 1999, effective date after concluding that he had filed an informal claim at that time. The Board acknowledged Mr. Clarke's argument that because he never received notice of the RO's 1985 decision denying his claim, service connection should be effective from 1985, the year he filed his original claim. The Board rejected that argument, however, noting that based on the presumption of regularity afforded government actions, it is presumed that the RO properly mailed notice of its 1985 rating decision to Mr. Clarke. Moreover, the Board determined that he had not submitted clear evidence rebutting the presumption of regularity when he demonstrated that the RO had omitted the "NE." designator from his street address. The Board concluded that, although the omission of the "NE." designator rendered the veteran's address incomplete, it did not render his address incorrect. The Board based its conclusion on the fact that there was only one "Riverside Dr." in the veteran's

ZIP code and city. Although the veteran technically lived on "Riverside Dr. NE.," the Board reasoned that the RO's failure to include the "NE." postdirectional designator did not provide a potential for "misdelivery or confusion." R. at 11. Accordingly, based on the presumption of regularity, the Board concluded that VA properly notified Mr. Clarke of the 1985 RO decision and that the decision became final when he failed to timely appeal. Thus, the Board refused to grant him an effective date for his service-connected PTSD earlier than September 21, 1999, the date he filed an informal claim.

On appeal, Mr. Clarke argues that he is entitled to an effective date in May 1985 because that is when he filed his original claim. He contends that the RO's 1985 decision never became final because VA failed to send him notice of the decision. To support this contention, Mr. Clarke argues that he has presented clear evidence to rebut the presumption of regularity that the RO properly mailed him notice of the 1985 denial in the form of his assertion of nonreceipt of the 1985 decision coupled with the RO's use of an incomplete address, specifically its failure to include the "NE." designator at the end of his street address.

The Secretary of Veterans Affairs (Secretary) agrees that a failure on VA's part to provide the veteran with notice of the 1985 RO decision would result in that decision never becoming final. However, the Secretary disagrees with the veteran's contention that notice was never provided in 1985. Instead, he argues that VA enjoys a presumption of regularity that it properly discharged its duties, and that Mr. Clarke has failed to rebut the presumption with clear evidence that the Secretary did not fulfill his notification obligation. Accordingly, the Secretary argues that the veteran is not entitled to a May 1985 effective date.

## II. ANALYSIS

### A. Presumption of Regularity in VA Mailings

Mr. Clarke contends that the RO's September 1985 decision never became final because VA failed to mail him notice of the decision. Although Mr. Clarke asserts that he never received notice of the 1985 RO decision, we have recognized that "[t]here is a presumption of regularity under which it is presumed that government officials 'have properly discharged their official duties.'" *Ashley v. Derwinski*, 2 Vet.App. 307, 308 (1992) (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1,

14-15 (1926)). In 1985, VA's regulations required the Secretary to provide notification to a claimant of "any decision affecting the payment of benefits or granting relief." 38 C.F.R. § 3.103(e) (1985).[1] The Secretary also was required to "advise the claimant of his right to initiate an appeal by filing a Notice of Disagreement." *Id*. Although the regulations in effect in 1985 did not denote the place to which notice was to be sent, for purposes of our analysis, we will assume that VA was required to send notice to the veteran's last known address of record. *See Woods v. Gober*, 14 Vet.App. 214, 220 (2000). Accordingly, in 1985, VA was required to mail Mr. Clarke, at his last known address of record, notice of the 1985 RO decision and of his right to appeal that decision to the Board.

Based on the presumption of regularity, we presume that "the Secretary properly discharged his official duties by mailing a copy of [the 1985 RO] decision to [Mr. Clarke's] last known address . . . on the date that the decision was issued." *Id*. However, the presumption of regularity is not absolute. To rebut the presumption, Mr. Clarke, in addition to asserting nonreceipt, bears the burden of producing clear evidence that VA did not follow its regular mailing practices or that its practices were not regular. *See Woods*, 14 Vet.App. at 220; *Ashley*, 2 Vet.App. at 309. Absent the production of such clear evidence, delivery is proven. If, on the other hand, clear evidence is presented to rebut the presumption of regularity, the burden then shifts to the Secretary to establish proper mailing of notice in accordance with the Court's caselaw. *See Baxter v. Principi*, 17 Vet.App. 407, 410 (2004).

Whether clear evidence exists to rebut the presumption of regularity is a question of law that this Court reviews de novo. *See Crain v. Principi*, 17 Vet.App. 182, 188 (2002). An "assertion of nonreceipt, standing alone, does not rebut the presumption of regularity in VA's mailing process." *Jones v. West*, 12 Vet.App. 98, 102 (1998). Instead, the clear evidence requirement mandates not only a declaration by the appellant of nonreceipt, but additional evidence to corroborate the appellant's declaration, such as an addressing error by VA that was consequential to delivery. *See Santoro v. Principi*, 274 F.3d 1366, 1370 (Fed. Cir. 2001) ("The purpose of an address is to supply information for delivery of mail to its intended destination. Hence, an address containing errors inconsequential to delivery is still proper.").

---

[1]Congress created a statutory requirement in 1989, applicable to decisions rendered by the Secretary after January 31, 1990, in the Veterans' Benefits Amendments Act of 1989, Pub. L. No. 101-237, § 115, 103 Stat. 2062.

4

VA's use of an incorrect address is often consequential to delivery. Thus, we have found the existence of clear evidence to rebut the presumption of regularity when VA addressed communications to a wrong street name, wrong street number, or wrong ZIP code in circumstances indicating that such errors were consequential to delivery. *See Fluker v. Brown*, 5 Vet.App. 296, 298 (1993) (finding the existence of clear evidence to rebut the presumption of regularity where the Board mailed a decision to "244 *Allen St., East Montevallo*, AL 35115" when the claimant's correct address was "244 *Island St. East, Montevallo*, AL 35115" (emphasis added)); *Piano v. Brown*, 5 Vet.App. 25, 26-27 (1993) (per curiam order) (finding the existence of clear evidence to rebut the presumption of regularity where the Board mailed its decision to "*2*313 Isabela, Philippines" when the claimant's correct address was "*3*313 Isabela, Philippines" (emphasis in original)); *see also Crain*, 17 Vet.App. at 188-89 (finding the existence of clear evidence to rebut the presumption of regularity when VA mailed a Statement of the Case to an incorrect ZIP code that was associated with a city located approximately 112 miles from the city corresponding to the correct ZIP code); *but see Santoro*, 274 F.3d at 1370 (finding use of wrong ZIP code inconsequential to delivery for purposes of 38 U.S.C. § 7266(a) when veteran addressed his Notice of Appeal using the ZIP code for the Department of Veterans Affairs instead of this Court's ZIP code).

In the instant case, VA's addressing error did not entail the use of incorrect information, such as a wrong street name, number, or ZIP code. Rather, it merely involved an omission of the "NE." postdirectional street designator. Accordingly, we must determine whether VA's failure to include the "NE." designator was consequential to delivery. As the Federal Circuit observed in *Santoro*, "Even perfectly addressed mail at times suffers misdelivery. Where an address, *ex ante*, enables delivery to the intended destination, then that address is proper and any error is inconsequential." 274 F.3d at 1370.

To determine whether VA's addressing error was consequential to delivery, we are guided, in part, by the United States Postal Service (USPS) regulations regarding domestic mail standards. *See* 39 C.F.R. § 111.1 (2006) (incorporating by reference the *Mailing Standards of the United States Postal Service, Domestic Mail Manual* (hereinafter Domestic Mail Manual), which sets forth the USPS standards used for domestic mail services). According to the Domestic Mail Manual, a *complete* address requires, among other things, any postdirectional street designators, such as the

5

"NE." designator omitted by VA in this case. *See* Domestic Mail Manual § 602.1.4.2 (Jan. 8, 2006), *available* at http://pe.usps.gov. Although a complete address is certainly preferable for delivery purposes, it is not required. Rather, according to the USPS, an address must contain at least the intended recipient's name, street and number, city and state, and ZIP code where required. *See* Domestic Mail Manual § 602.1.3. Thus, although a complete address must include a postdirectional designator, mail bearing an address that is incomplete can nevertheless be delivered.[2] Accordingly, when VA's addressing error results in the use of an address that still includes all the minimum addressing elements required by the USPS, the omission of other elements, standing alone, is not sufficient to meet the clear evidence requirement that is necessary to rebut the presumption of regularity. On the other hand, when VA's addressing error results in an address that does not contain all the necessary address elements, then such error, standing alone, is consequential to delivery and is sufficient to rebut the presumption of regularity, resulting in the burden being shifted to the Secretary to prove delivery. *See Baxter*, 17 Vet.App. at 410.

## B.  Application of Law to Facts

Applying the above regimen to this case, we conclude that Mr. Clarke did not meet his burden of rebutting the presumption of regularity that the Secretary discharged his official duties by mailing a copy of the 1985 RO decision to Mr. Clarke's last known address on the date that the decision was issued. Both parties agree that Mr. Clarke's complete address in 1985 was "24363 Riverside Dr. NE., St. Paul, OR, 97137." The parties also agree that the RO omitted the "NE." postdirectional designator from his address when it mailed him notice of the decision. However, that error was inconsequential to delivery. The address, while incomplete, still contained all the necessary minimum address elements set forth in the Domestic Mail Manual because the address included Mr. Clarke's correct name, correct street and number, correct city and state, and correct ZIP code. Moreover, the mail was not returned as undeliverable. As such, we are not convinced that the RO's omission of the "NE." designator was consequential to delivery. This is especially true

---

[2] We note that mail can be undeliverable if an address is incomplete, illegible, or incorrect. *See* Domestic Mail Manual § 507.1.1(b). However, when first-class and other endorsed mail is addressed using an address that lacks a required element or that is undeliverable for other reasons, even though the address contains all required elements, the USPS undertakes procedures that result either in delivery of the mail to the addressee or return of mail to the sender. *See* Domestic Mail Manual § 507.1.5.1.

considering that only one "Riverside Dr." existed in Mr. Clarke's city and ZIP code.[3]  Because the address used by VA contained the elements required by the USPS and because there was only one "Riverside Dr." in Mr. Clarke's city and ZIP code, the address used by VA was proper and VA's failure to include the "NE." postdirectional designator was an inconsequential error.  *See Santoro*, 274 F.3d at 1370.  Accordingly, we hold that Mr. Clarke has not presented clear evidence to rebut the presumption of regularity that VA mailed him notice of the 1985 RO decision denying his service-connection claim for PTSD.

Because Mr. Clarke did not present clear evidence to rebut the presumption of regularity that VA notified him of the 1985 RO decision denying his claim, the Board properly concluded that the 1985 decision became final when he failed to timely appeal.  As a result, the Board determined that Mr. Clarke was not entitled to an effective date in 1985 for his service-connected PTSD.  The Court reviews the Board's effective-date determination under the "clearly erroneous" standard.  *See Acosta v. Principi*, 18 Vet.App. 53, 57 (2004); *Link v. West*, 12 Vet.App. 39, 46 (1998).  A determination is clearly erroneous when the Court, after reviewing the entire evidence, "'is left with the definite and firm conviction that a mistake has been committed.'"  *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  The general effective date statute provides:  "Unless specifically provided otherwise in this chapter, the effective date of an award based on . . . a claim reopened after final adjudication . . . of compensation . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor."  38 U.S.C. § 5110(a).  Because the appellant has not provided any other grounds upon which to base his assertion that he is entitled to an earlier effective date, the Court concludes that the Board did not err in its determination that the RO's 1985 decision denying Mr. Clarke PTSD was a final decision.  Consequently, the Board did not err when it concluded that Mr. Clarke was not entitled to an effective date earlier than September 21, 1999, the date that he submitted an informal claim to reopen his previously denied service-connection claim for PTSD.

---

[3] We acknowledge that we might have reached a different conclusion today had there been more than one "Riverside Dr." in Mr. Clarke's city or ZIP code.  For example, if appellant lived in Washington, D.C., which is separated into four quadrants, "NW.," "SW.," "NE.," and "SE.," on a street that existed in more than one quadrant, VA's failure to include the appropriate postdirectional designator might be consequential to delivery.

### III.  CONCLUSION

Based on the foregoing, the parties' pleadings, and the record on appeal, the March 8, 2005, Board decision is AFFIRMED.