Citation Nr: 1438772 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 10-18 332A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Omaha, Nebraska


THE ISSUE

Entitlement to home improvement and structural alterations (HISA) benefits under 38 U.S.C.A. § 1717 for bathroom access modifications.


REPRESENTATION

Veteran represented by: Nebraska Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

S. Becker, Counsel


INTRODUCTION

The Veteran had active service from July 1967 to May 1970 and form August 1975 to October 1978. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 decision of the HISA Committee at the Department of Veterans Affairs Medical Center (VAMC) in Omaha, Nebraska. In February 2011, the Veteran testified before the undersigned via a videoconference hearing. In May 2011 and in April 2012, the Board remanded this matter for additional development. The following determination is based on review of the Veteran's paper and electronic claims files. 

FINDING OF FACT

Modifying the Veteran's bathroom to allow him quicker access, though it would lend him comfort, is not medically necessary notwithstanding his service-connected irritable bowel syndrome (IBS).


CONCLUSION OF LAW

The criteria for HISA benefits under 38 U.S.C.A. § 1717 for bathroom access modifications have not been met. 38 U.S.C.A. §§ 1710, 1717, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.103, 3.159, 20.1304 (2013); Veterans Health Administration (VHA) Handbook Section 1173.14 (April 2013); VAOPGCPREC 06-01(February 2001); VAOPGCPREC 32-91 (March 1991); VISN 23 Network Policy #V23-CMO-030 (March 2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

Before addressing the merits, that VA generally has a duty of notification regarding a claim for VA benefits is of note. 38 U.S.C.A. § 5103; 38 C.F.R. § 3.159. Also of note is that VA generally has a duty to assist with respect to a claim for VA benefits. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). These two duties apply only to claims governed by 38 U.S.C.A. Chapter 51 and the regulations implementing this law (38 C.F.R. Part 3), however. Barger v. Principi, 16 Vet. App. 132 (2002); 66 Fed. Reg. 45,620 (Aug. 29, 2001). They thus do not apply to the Veteran's claim which is governed by the law of 38 U.S.C.A. Chapter 17 with no implementing regulations. 

The Veteran nevertheless has received appropriate notification. Specifically, he was notified of laws and provisions pertaining to his claim via an August 2011 letter sent pursuant to the Board's May 2011 remand and a July 2012 letter sent pursuant to the Board's April 2012 remand. While neither set forth 38 U.S.C.A. § 1710, the latter noted that a separate letter was sent to the Veteran in this regard. No copy of that letter is available. This raises a potential presumption of regularity problem. Kyhn v. Shinseki, 716 F.3d 572 (Fed. Cir. 2013). Yet, it has not been argued that the letter was not received. Rebuttal of receipt, such as an invalid address or mail being undeliverable to the last known address, further but does not exist. Clarke v. Nicholson, 21 Vet. App. 130 (2007). The May 2011 remand finally included the applicable portion of the aforementioned law. It follows that, to the extent there was a deficiency, it was of little consequence.

The Veteran additionally has received appropriate assistance. VA and private treatment records are available. Also, he underwent a VA medical examination in February 2014. Outstanding claims documentation was obtained in addition to a VA medical opinion in compliance with the Board's May 2011 remand. The Veteran has had ample opportunity to submit evidence and argument during the pendency of this matter (which has been for over four years)-which includes responses to the aforementioned letters and to each readjudication of his claim. Following the initial denial in April 2010, a May 2010 statement of the case was issued. A supplemental statement of the case (SSOC) also was issued as directed by the Board's remands. While the standard cover letter in this regard was generated in July 2012, the actual SSOC took the unusual format of being included in the aforementioned contemporaneous letter.

Significantly, neither the Veteran nor his representative has identified any further development necessary prior to adjudication that has not been completed. The record also does not indicate any further development necessary prior to adjudication that has not been completed. Thus, the Board finds that no further notice or assistance action is required. There further has been at least substantial compliance with the Board's remand, as is required. Dyment v. West, 13 Vet. App. 141 (1999), aff'd, Dyment v. Principi, 287 F.3d 1377 (Fed. Cir. 2002); Stegall v. West, 11 Vet. App. 268 (1998). Adjudication at this time, in sum, may proceed without prejudice to the Veteran. Bernard v. Brown, 4 Vet. App. 384 (1993).

Of final note before addressing the merits, the individual presiding over a hearing must fully explain the issue(s) on appeal and suggest the submission of evidence that may have been overlooked. 38 C.F.R. § 3.103(c)(2); Bryant v. Shinseki, 23 Vet. App. 488 (2010). The undersigned addressed the sole issue comprising the Veteran's claim at the beginning of the February 2011 hearing. Questions the Veteran was asked both by the undersigned and his representative elicited information regarding the criteria supportive of his (the Veteran's) appeal. The Veteran indeed conveyed his awareness of the criteria by relating why he felt bathroom access modifications were necessary in light of one of his service-connected disabilities. During this process, no outstanding evidence was identified. There thus was no need for the undersigned to suggest the submission of anything.

II. HISA Benefits Under 38 U.S.C.A. § 1717

VA may furnish medical services determined to be needed to any veteran for a service-connected disability. 38 U.S.C.A. § 1710(a). Needed medical services includes home health services found to be necessary or appropriate for the effective and economical treatment of the Veteran. 38 U.S.C.A. § 1717(a)(1). Improvements and structural alterations up to $4,100 may be furnished as part of home health services only as necessary to assure the continuation of treatment for the Veteran's disability or to provide access to the home or to essential lavatory and sanitary facilities. 38 U.S.C.A. § 1717(a)(2). Improvements and structure alterations simply for personal comfort or that make living outside a hospital more acceptable may not be furnished. VAOPGCPREC 32-91; VISN 23 Network Policy #V23-CMO-030.
Examples of allowable HISA benefits include those for allowing entrance to or exit from the Veteran's residence, those for use of essential lavatory and sanitary facilities, those for allowing accessibility to kitchen or bathroom sinks or counters, those for improving entrance paths or driveways in the immediate area of the home to facilitate access by the Veteran, and those for improving plumbing or electrical systems made necessary due to installation of dialysis equipment. Veterans Health Administration (VHA) Handbook Section 1173.14 (April 2013). The determination of what is necessary and what is not necessary to assure the continuation of treatment is a question of medical fact. VAOPGCPREC 32-91. Indeed, the determination requires the exercise of medical judgment. VAOPGCPREC 06-01.

All the evidence must be reviewed, but only the most salient evidence must be discussed. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000). Evidence found to be persuasive or unpersuasive must be identified, and reasons must be provided for rejecting any evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36 (1994), Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Both medical and lay evidence may be discounted in light of its inherent characteristics and relationship to other evidence. Madden v. Gober, 125 F.3d 1477 (Fed. Cir. 1997). When there is an approximate balance of positive and negative evidence regarding any point, the claimant is afforded the benefit of the doubt. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 49.

Among other things, the Veteran is service-connected for IBS. He argues that this disability, with alternating constipation and diarrhea, sometimes requires quick access to his bathroom. In this regard, he notes that his bathroom is not accessible from his bedroom. He desires to create another entry point from the bedroom. This will require, according to the work bid submitted in April 2010, extensive remodeling estimated at a little over $7,350-and includes repositioning various closets and doors, removing and adding walls, relocating electrical outlets and heating vents, installing a new shower with plumbing, and replacing existing flooring and ceiling material. Another seeming work bid, with various figures all under $1,000, was submitted in September 2011. Its applicability is unclear, as the Veteran indicated in a contemporaneous statement that it was for creating a bathroom in his basement.

Of note at the outset is that the scope of the bathroom access modifications proposed in the applicable work bid exceeds the lifetime HISA benefit by over $3,000. The Veteran would still have to pay for a sizeable portion of the modifications himself if they were found necessary, in other words. He will have to pay for the entire portion, however, because the Board unfortunately finds that they are not medically necessary. The submitted work bid indeed notes that the intent of the modifications is to provide the Veteran a roomy area to perform daily functions, immediate needs, and maintain privacy as well as to furnish a unit dedicated to his personal needs in addition to creating another point of accessibility. Indeed, in a September 2011 statement, he admitted that their intent would be for convenience and to regain quality of life. 

Here, it is acknowledged that the Veteran deemed the aforementioned convenience "necessary." However, there is no indication that he has any medical background. He therefore is a lay person. The Veteran is not qualified to exercise medical judgment and render an opinion on medical fact, in other words. The Board also is not qualified to do so. Indeed, the Board is prohibited from rendering its own opinion on a medical question. Stefl v. Nicholson, 21 Vet. App. 120 (2007); Colvin v. Derwinski, 1 Vet. App. 171 (1991). M.M., a VA staff physician, rendered a medical opinion in September 2011. After noting that there are no VA treatment records concerning a change in the frequency of the Veteran's diarrhea in the past two years, that he continues to travel, that he is able to exercise, and that he takes only Metamucil, Dr. M.M. concluded that the proposed bathroom access modifications would serve only to lend comfort to him.

A few points regarding the aforementioned sole medical opinion are of import. First, Dr. M.M. obviously did not consider any evidence dated after September 2011. This evidence consists of VA treatment records, which reference HISA benefits. Yet these references concern benefits other than those at issue (see especially a June 2014 VA treatment record regarding handrails, shower adaptations, and a more comfortable toilet seat). The evidence also consists of private treatment records which, once again, are not relevant. A February 2014 VA medical examination regarding the Veteran's claim for an increased rating for his service-connected IBS is potentially relevant. It was not considered initially by the Omaha VAMC. Referral for such consideration must be made unless the right to it is waived or the Board allows the benefit sought. 38 U.S.C.A. § 20.1304(c). 

Nevertheless, additional development in this regard would serve no purpose. Remands for additional development that burden VA without benefitting the Veteran are to be avoided. Sabonis v. Brown, 6 Vet. App. 426 (1994); Soyini v. Derwinski, 1 Vet. App. 540 (1991). The same logic applies to other avenues for accomplishing additional development, such as referral or requesting a waiver. Whether without consideration of the VA medical examination or with consideration of this examination, the same determination is reached. It indeed is notable in signifying a change in the Veteran's service-connected IBS for the better with respect to needing quick bathroom access. He specifically reported that his constipation became predominant about a year prior to February 2014. He further reported that he now has bowel movements only about every 10 days, though he has several on that day.

The second point of import regarding Dr. M.M.'s opinion is that, discounting completely the aforementioned VA medical examination, the Veteran takes Metamucil because doing so has proven more effective for him than other medications. A September 2011 VA treatment record indeed suggests that he arrived at a regimen of Metamucil and regulation with prune juice and diet after experimentation and indicates that he is not a good candidate for another medication. In any event, the medication taken by the Veteran without further explanation is not a clear indication of his need for quick bathroom access. His ability to leave his house, however, is somewhat of an indication in this regard. The third point is that the opinion to this extent is supported.

Indeed, the Veteran himself reported being able to travel though he stops at every rest stop to be safe. He also reported being able to go to the bank, the gas station, and stores although several are aware of his problem and allow him to use close bathroom facilities even if they are for employees. He further attended college at least as of September 2011. At that time, a physician certified that he would need ready access to a bathroom as an accommodation. This does not run counter to Dr. M.M.'s opinion. Dr. M.M. indeed does not dispute that there are times when the Veteran must access a bathroom quickly. Dr. M.M. simply is of the opinion that the bathroom as it exists in the Veteran's house already provides for quick enough access. The physician certification does not address this question. It indeed does not refer to the access the Veteran has to a bathroom in his house at all.

The criteria for HISA benefits under 38 U.S.C.A. § 1717 for bathroom access modifications have not been established for the foregoing reasons. The preponderance of the evidence indeed is against the Veteran's receipt of such benefits. Negative evidence, chiefly Dr. M.M.'s September 2011 VA medical opinion, is particularly persuasive in this regard. Positive evidence, chiefly statements and hearing testimony from the Veteran, contrastingly is much less persuasive in this regard. Absent an approximate balance between the negative evidence and the positive evidence, there is no benefit of the doubt to afford to him. HISA benefits under 38 U.S.C.A. § 1717 for bathroom access modifications, in sum, are denied.


ORDER

HISA benefits under 38 U.S.C.A. § 1717 for bathroom access modifications are denied.



____________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs