Citation Nr: 1826266 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 13-14 121 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to an increased rating for hypertension, currently evaluated as 40 percent disabling.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Setter, Associate Counsel



INTRODUCTION

The Veteran served on active duty from April 1974 to April 1976 and August 1976 to August 1994.

This appeal to the Board of Veterans' Appeals (Board) is from an August 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

By way of background, the Veteran was originally granted entitlement to service connection for hypertension in an October 1994 rating decision, at a compensable level of 10 percent. The evaluation was increased to 20 percent effective from January 29, 1996, and then again to 40 percent, effective from March 12, 1999, based on VA treatment reports. 

When the Veteran filed a claim in November 2009 for an increased rating for his hypertension disability, the RO proposed instead a reduction for that disability in an August 2010 rating decision. The Veteran appealed to the Board, and in an October 2017 decision, the Board determined the reduction of the rating for hypertension was not proper and is therefore void ab initio, pursuant to 38 C.F.R. § 3.344. That decision restored the 40 percent rating for the Veteran's hypertension, effective from March 12, 1999. Brown v. Brown, 5 Vet. App. 413 (1993).

The Board remanded the issue on appeal for additional development in October 2017, directing the RO provide a new VA examination. The directives having been substantially complied with, the matter again is before the Board. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Stegall v. West, 11 Vet. App. 268 (1998). 

When a Veteran files a claim for an increased rating, he is presumed to be seeking the maximum benefit under any applicable theory, including TDIU. See generally Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001); Rice v. Shinseki, 22 Vet. App. 447 (2009). In light of this principle, entitlement to special monthly compensation (SMC) has been found to be an inferable issue anytime a veteran is requesting increased benefits. Akles v. Derwinski, 1 Vet. App. 118 (1991). Here, the Veteran is already in receipt of a 100 percent disability evaluation for a psychiatric disability in addition to other service-connected disabilities. Because SMC has already been awarded for that psychiatric disability, a separate discussion for TDIU need not be discussed here. 38 U.S.C. § 1114(s); 38 C.F.R. § 3.350(i); see Bradley v. Peake, 22 Vet. App. 280 (2008). 

The Veteran requested a videoconference hearing, but he withdrew this request in February 2017.


FINDING OF FACT

The Veteran without good cause did not report for a VA examination that was necessary to evaluate his claim for a higher rating for hypertension.


CONCLUSION OF LAW

The claim of entitlement to an increased disability rating for hypertension lacks legal merit due to the Veteran's failure to report for a necessary examination without good cause shown, and must be denied as a matter of law. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. § 3.655(b) (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C. §§ 5102, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2017). 

The Veteran in this case has not referred to any deficiencies in either the duties to notify or assist; therefore, the Board may proceed to the merits of the claim. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015, cert. denied, U.S.C. Oct.3, 2016) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board....to search the record and address procedural arguments when the [appellant] fails to raise them before the Board"); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to an appellant's failure to raise a duty to assist argument before the Board).

The Board has reviewed all of the evidence in the Veteran's claims file. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-130 (2000).

II. Failure to Report for a VA Examination

The Veteran, in his claim for an increased rating, has asserted his hypertension disability has worsened.

As part of the Board's October 2017 remand, the RO was directed to provide a VA examination for the Veteran's hypertension disability, to ascertain the current state of his hypertension. Such an examination was scheduled for February 8, 2018, and while the Veteran was properly notified at his current address, the Veteran did not show up for his examination, and the examination was thus canceled. 

VA regulations provide that when entitlement to a benefit cannot be established without a current VA examination or reexamination, and the claimant, without good cause, fails to report for such examination, where the claim being appealed was reopened from a prior final denial, the reopened claim must be denied. See 38 C.F.R. § 3.655 (a) & (b) (2017). Examples of good cause that would excuse the failure to report for a scheduled VA examination or reexamination include, but are not limited to, the illness or hospitalization of the claimant, death of an immediate family member, etc. 38 C.F.R. § 3.655 (a).

While the actual notice letters of the scheduled VA examinations are not on file, VA records on file indicate that notice was provided to the Veteran by the VA Medical Center. Moreover, the Veteran has not asserted that he did not receive notice of the examinations. There is no indication the Veteran's address has changed. The Veteran has received medical care at the subject VA Medical Center since he left active service in 1994. The Veteran has corresponded regularly with VA using the address for the Veteran that VA has on file, which the Veteran notified VA about in correspondence dated in December 2015. The Veteran's representative has acknowledged twice in March 2018, in the representative's briefs to the Board, that the Veteran missed his scheduled examination for his hypertension claim. The Board thus concludes that the Veteran was properly notified of the scheduled examinations. See Ashley v. Derwinski, 2 Vet. App. 307 (1992) (regarding the presumption of regularity that public officers have properly discharged their official duties in absence of clear evidence to the contrary); Mindenhall v. Brown, 7 Vet. App. 271 (1994) (regarding the applicability of the presumption of regularity to RO actions). A March 2018 Supplemental Statement of the Case (SSOC) also informed the Veteran that he failed to report for the scheduled VA examinations, and he has not responded to the SSOC.

There is a "presumption of regularity" that "supports official acts of public officers" and "allows courts to presume that what appears regular is regular." Butler v. Principi, 244 F.3d 1337, 1340 (Fed. Cir.2001); see Miley v. Principi, 366 F.3d 1343, 1347 (Fed.Cir.2004); Wise v. Shinseki, 26 Vet. App. 517, 525 (2014). The presumption of regularity extends to VA's ministerial acts of mailing decisional and notice documents to claimants. See, e.g., Clarke v. Nicholson, 21 Vet. App. 130, 133 (2007) (applying the presumption of regularity to the RO''s mailing of a rating decision); Crain v. Principi, 17 Vet. App. 182, 186 (2003) (RO's mailing of a Statement of the Case); Schoolman v. West, 12 Vet. App. 307, 310 (1999) (RO's mailing of an application for dependency and indemnity compensation (DIC)); Davis v. Brown, 7 Vet. App. 298, 300 (1994) (Board's mailing of a copy of its decision). 

Importantly, VA's duty to assist is not a one-way street. If the Veteran wishes help, he cannot passively wait for it in those circumstances where his own actions are essential in obtaining the putative evidence. Wood v. Derwinski, 1 Vet. App. 191 (1991); Hayes v. Brown, 5 Vet. App. 60, 68 (1993). 

Because this is an original claim for an increased rating, filed in November 2009, the language in 38 C.F.R. § 3.655(b) is clear: the claim must be denied unless good cause is established as to why the claimant failed to appear. See Engelke v. Gober, 10 Vet. App. 396, 399 (1997) (stating that "when a claimant fails to appear for a scheduled reexamination pursuant to a claim for an increased rating, 38 C.F.R. § 3.655(b) mandates that the claim be denied, unless the appellant has good cause for[] failure to appear."). 

Accordingly, the Board finds that good cause for the Veteran's failure to report for his VA examination necessary to decide the claim has not been shown. Accordingly, the claim of an increased rating for a hypertension disability must be denied as a matter of law. 38 C.F.R. § 3.655. 


ORDER

Entitlement to an increased disability rating in excess of 40 percent for a hypertension disability is denied.



____________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs