﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191223-84104
DATE: July 31, 2020

ORDER

The appeal regarding service connection for left lower extremity idiopathic progressive neuropathy is dismissed.

The appeal regarding service connection for right lower extremity idiopathic progressive neuropathy is dismissed.

FINDING OF FACT

The Veteran did not timely file a VA Form 10182 and good cause has not been shown that would permit the Board to extend the time for filing a VA Form 10182 with respect to the Statement of the Case (SOC) issued on October 21, 2019.

CONCLUSION OF LAW

The criteria for an extension for the filing of a VA Form 10182 with respect to the SOC issued on October 21, 2019 have not been met and the Veteran’s VA Form 10182 was not otherwise timely received. 38 U.S.C. § 7105, 38 C.F.R. §§ 19.2, 19.52, 20.202, 20.203.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1981 to October 1987.

As an initial matter, the Board notes that the Veteran’s attorney, Joseph Bochicchio, submitted correspondence in July 2020 indicating that he was “terminating representation” of the Veteran, purportedly at the Veteran’s request. However, the Veteran has not indicated in any correspondence with VA that he no longer wishes to be represented by Mr. Bochicchio. Moreover, Mr. Bochicchio has not followed the steps necessary to withdraw representation as required by VA regulations. See generally 38 C.F.R. § 20.6. As such, for purposes of this decision, Mr. Bochicchio remains the Veteran’s representative.

This case involves whether the Board should accept a VA Form 10182 received on December 23, 2019 as timely filed. For the reasons stated below, the Board will deny the Veteran’s request for an extension to file the VA Form 10182 and will dismiss the appeal as untimely.

On October 21, 2019, the Veteran was issued a SOC which readjudicated his claims for service connection for idiopathic progressive neuropathy in each lower extremity. The Veteran’s attorney was also sent a copy of the SOC, as indicated by the letter accompanying the SOC, which is dated October 21, 2019.

Pursuant to 38 C.F.R. §§ 3.2400(c)(2) and 19.2(d), after a SOC is issued, the Veteran may elect to opt into the modernized appeals system by filing for a review option under the new system on a form prescribed by the Secretary within the time allowed for filing a substantive appeal. Applicable to this case, the Veteran had until December 20, 2019 to file a substantive appeal or opt into the modernized appeals system. 38 C.F.R. §§ 19.2(d), 19.52(b), 20.202. 

Where a VA Form 10182 is not timely filed, the Board may grant an extension of the time to file and accept the VA Form 10182 as timely filed where good cause has been shown. 38 C.F.R. § 20.203(c).

On December 17, 2019, the Veteran called VA to express his desire to file a supplemental claim, request higher level review, or appeal to the Board. The Veteran was informed that he would need to file the appropriate form. The Veteran indicated he would go to his representative to submit the required form. See VA Form 27-0820 dated December 17, 2019.

However, the Veteran, through his attorney, did not file a VA Form 10182 until December 23, 2019. Along with the VA Form 10182, the Veteran’s attorney also faxed to VA a letter asking the Board to accept the VA Form 10182 as timely. Specifically, the attorney stated, “It came to my office’s attention that the VA had issued a State (sic) of (sic) Case on October 21, 2019 only after receiving a phone call from the veteran TODAY” (emphasis in original). 

Under the presumption of regularity, the official acts of public officers, in the absence of clear evidence to the contrary, are presumed to have been properly discharged. Fithian v. Shinseki, 24 Vet. App. 146 (2010); Kyhn v. Shinseki, 23 Vet. App. 335 (2010). If a claimant alleges nonreceipt or untimely receipt of a VA notice letter, clear evidence rebutting the presumption of regularity “mandates not only a declaration by the appellant of nonreceipt, but additional evidence to corroborate the appellant’s declaration, such as an addressing error by VA that was consequential to delivery.” Clarke v. Nicholson, 21 Vet. App. 130, 133 (2007); see also Jones v. West, 12 Vet. App. 98, 102 (1998) (stating that an “assertion of nonreceipt, standing alone, does not rebut the presumption of regularity in VA’s mailing process”). 

(Continued on the next page)

 

The Board finds that good cause has not been shown to extend the time to file the VA Form 10182 in this case. The only good cause argument made by the Veteran and his attorney is that the attorney did not timely receive the October 2019 SOC such that a timely VA Form 10182 could be filed in response. However, as explained above, the October 21, 2019 SOC indicates that both the Veteran and his attorney were mailed the document on that date. There is no indication that the SOC was not properly mailed to the Veteran and his attorney on the date indicated on the SOC. No evidence has been submitted that would serve to rebut the presumption of regularity in this case. Neither the Veteran nor his representative has presented any other reason for the untimely filing that would serve as good cause to extend the filing deadline. Because good cause has not been shown for extending the time to file a VA Form 10182, and because the Veteran’s VA Form 10182 was not timely filed, the appeal is dismissed.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. George

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.