﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191223-51381
DATE: October 30, 2020

ORDER

A timely notice of disagreement (NOD) was not filed with respect to the January 2018 rating decision denying a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU); the appeal is denied.

FINDINGS OF FACT

1. The Veteran served on active duty from May 1971 to May 1974.

2. A January 2018 rating decision denied entitlement to a TDIU. 

3. Neither the Veteran nor the attorney representative on his behalf filed an NOD within one year of the January 2018 rating decision.

CONCLUSION OF LAW

The Veteran’s September 2019 NOD to the January 2018 rating decision was not timely. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 20.201, 20.302 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

In August 2017, the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA), was signed into law. This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The AMA automatically applies to all claims for which VA issues notice of an initial decision on or after February 19, 2019. See 38 C.F.R. § 3.2400(a)(1). 

In October 2019, the Veteran was sent a letter informing him that his September 2019 NOD was untimely. He submitted a VA Form 20-0996, request for Higher Level Review (HLR), in which he argued that the September 2019 NOD was improperly rejected as untimely. Thereafter, the RO issued a HLR rating decision regarding the timeliness of the September 2019 NOD and he timely appealed that rating decision by submitting a VA Form 10182 in December 2019, selecting the Direct Review docket. 

Turning to the merits of the appeal, under 38 U.S.C. § 7105(a), an appeal to the Board must be initiated by an NOD and completed by a substantive appeal (VA Form 9 or equivalent) after an SOC is furnished to the claimant. See 38 C.F.R. §§ 20.200, 20.201, 20.202, 20.302.

A claimant (or his representative) must file an NOD with a determination of the RO within one year from the date that the RO mailed notice of the determination. 38 C.F.R. § 20.302(a). If an NOD is not filed within the one-year time period, the RO decision becomes final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 20.200, 20.201, 20.302. An untimely NOD deprives the Board of jurisdiction to consider the merits of an appeal. 38 U.S.C. § 7105(c).

Pursuant to 38 U.S.C. § 7105(d)(3), “questions as to timeliness or adequacy of response shall be determined by the Board of Veterans’ Appeals.” See also VAOPGCPREC 9-99, 64 Fed. Reg. 52376 (1999). The Board may implicitly or explicitly waive the issue of the timeliness of a substantive appeal. A timely filed NOD, however, is a jurisdictional bar to appellate consideration, and this issue may not be waived. See Percy v. Shinseki, 23 Vet. App. 37, 41 (2009). The Board is bound by the law and is without authority to grant an appeal on an equitable basis. See 38 U.S.C. §§ 503, 7104; see also Harvey v. Brown, 6 Vet. App. 416, 425 (1994).

In the present case, the RO issued a rating decision on January 6, 2018, which denied entitlement to a TDIU. The decision noted that the Veteran was represented by a private attorney. Thereafter, in a letter dated on January 10, 2018, the RO notified him of the decision. The letter included a section under a bolded heading entitled “If You Disagree With Our Decision,” advising him that he had one year from the date of this letter to appeal the decision (or until January 10, 2019) by completing and returning an enclosed VA Form 21-0958, Notice of Disagreement.

Also enclosed was VA Form 4107, “Your Rights to Appeal Our Decision,” which explained the Veteran’s right to appeal. Therefore, he had until January 10, 2019, to complete and return the enclosed VA Form 21-0958. In addition, the letter specifically noted that the letter was also sent to his attorney.

Thereafter, on September 17, 2019, VA received an NOD submitted by the Veteran’s attorney, in which it was noted that neither the Veteran nor his attorney had received the January 6, 2018, rating decision or the January 10, 2018, letter. It was specifically noted that the letter had been erroneously mailed to an incorrect/old address for the Veteran’s attorney. 

However, there is no indication in the appellate record that the Veteran or his attorney did not receive the January 10, 2018, notification letter and enclosed January 6, 2018, rating decision (such as returned mail or indication that either letter was undeliverable). The notice was mailed to the Veteran and his attorney at the correct mailing addresses then on file with VA at the time.

A presumption of regularity is applied to all manner of VA processes and procedures. Miley v. Principi, 366 F.3d 1343, 1346-47 (Fed. Cir. 2004) (“The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties.”).

The presumption of regularity extends to VA’s ministerial acts of mailing decisional and notice documents to claimants. Clarke v. Nicholson, 21 Vet. App. 130, 133 (2007) (applying the presumption of regularity to the RO’s mailing of a rating decision). In the absence of clear evidence to the contrary, the presumption of regularity is applied, and it is presumed that the Veteran and his attorney received the January 2018 rating decision and accompanying notice and appeal rights. Neither the Veteran nor his attorney presented clear evidence to rebut the presumption of regularity.

While the Veteran’s attorney indicated that a change of address was submitted for the attorney on August 28, 2017, no such change of address is of record on that date and no official change of address letter or form is of record during the relevant period. (The Board acknowledges that a February 1975 official change of address form is of record.) However, as of January 2019, VA correspondence was sent to a new address for the Veteran’s attorney. 

Moreover, letters dated on July 6, 2018 and August 24, 2018, an August 2018 supplemental statement of the case (SSOC), and a November 2018 notice letter and attorney fees award were sent to the attorney at the same address that the January 10, 2018, notification letter for the January 2018 rating decision was sent, and the attorney either responded to these correspondences, showing that they had been received, or did not report not getting them. 

Specifically, the July 6, 2018, letter informed the attorney of the date of a DRO conference (for other claims) and on July 24, 2018, he responded, acknowledging the date of the DRO conference. The August 24, 2018, letter notified the Veteran of an August 2018 rating decision and the attorney responded on March 6, 2019, with an NOD, acknowledging receipt of the August 2018 letter and rating decision. 

The attorney likewise responded to the August 2018 SSOC with a September 11, 2018, letter which specifically noted that such letter was written in response to the August 2018 SSOC. Again, all of these correspondences were mailed after the January 10, 2018, letter to the same address and all were received.

As such, it is presumed that the Veteran and his attorney received the January 10, 2018, notification letter containing the January 2018 rating decision and VA form 21-0958, NOD. Therefore, there is no clear evidence that the correspondence was not received and the contentions are not supported by the evidence of record. 

In light of the foregoing, the Board finds that the Veteran did not file a timely NOD with the January 2018 rating decision. Consequently, the appeal as to the timeliness of the NOD is denied. 

Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

 

L. HOWELL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Redman, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.