ZEIGLER COAL COMPANY, Appellant,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF REVENUE, Robert H. Allphin, Commissioner of Revenue, Appellees.

Court of Appeals of Kentucky.

Jan. 11, 1985.

Rehearing Denied April 5, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 26, 1985.

William E. Scent, Keith, Scent & Scent, Hopkinsville, for appellant.

Nathan Goldman, Legal Services Section, Frankfort, for appellees.

Before HAYES, C.J., and COMBS and WILHOIT, JJ.

COMBS, Judge.

Taxpayer seeks reversal of a judgment of the Franklin Circuit Court which held that the Department of Revenue tax assessment is final, due and owing.

After taxpayer received notice of a tax lien placed on its Kentucky property, it sought administrative review of the assessment. The Department refused to review the assessment because no protest was filed within 30 days following the notice of tax assessment. *See* KRS 131.110(1).

■ Taxpayer argues that both the assessment and the lien are void because it did not receive the KRS 131.110(1) notice of assessment. The Department relies upon the presumption that a properly mailed letter is received in due course. That presumption is summarized as follows:

... a communication that was properly addressed, stamped, and deposited in the mail was received by its addressee in due course. Upon proof of these basic facts, the burden of proof is cast on the addressee to prove that he never received the communication. He can satisfy that burden by merely going forward with evidence that is sufficient to make out a jury case on the issue of receipt.

R. Lawson, *Kentucky Evidence Law Handbook,* § 10.05 Comment VI (2d ed. 1984).

The Department addressed the notice with the correct name, street address, city and state, but with the wrong zip code. Taxpayer urges us to adopt *Effort Foundry v. Commonwealth, Unemployment Compensation Board,* 52 Pa.Cmwlth. 356, 415 A.2d 1263 (Pa.1980); while the Department would prefer the dissent in that opinion. In the Pennsylvania case, the letter was addressed as follows:

Effort Foundry
Effort, Pa. 18353

The correct zip code was 18330. In this case, the address included the street address. It was shown that the correct zip code, 60018, and the one used, 60016, are both used to deliver mail on the same road in the same city, and that the taxpayer received other correspondence from the Department with the same incorrect zip code. The Department's evidence was sufficient to prove that the notice was properly addressed for purposes of the presumption.

■ The taxpayer also argues that the Department failed to prove it deposited the notice in the mail. To fulfill this proof requirement, the Department would need to prove either the mailing of this particular item or a regular system for mailing items of this class. *Koscot Interplanetary, Inc. v. Commonwealth,* Ky., 649

S.W.2d 201 (1983). Again, the proof is sufficient. The taxpayer directs our attention to inconsistencies in the testimony of the Department's witnesses. However, these inconsistencies, concerning the color of envelopes and number of bills printed at the same time, are minor.

Finally, taxpayer's denial that it received the notice created an issue of fact. *Meyers v. Brown-Forman Distillery Co.*, 289 Ky. 185, 158 S.W.2d 407 (1942). The trial court's findings were not clearly erroneous.

The judgment of the Franklin Circuit Court is affirmed.

All concur.