**FRIENDLY FINANCE CORPORATION,**
a Delaware corporation, Plaintiff
Below, Appellant,

v.

**Bryan BOVEE and Joanne Whitlock,**
Defendants Below, Appellees.

No. 138, 1997.

Supreme Court of Delaware.

Submitted: Sept. 23, 1997.

Decided: Nov. 21, 1997.

---

Jeffrey P. Wasserman (argued), Ciconte, Roseman & Wasserman, Wilmington, for Appellant.

Douglas A. Shachtman (argued), Douglas A. Shachtman & Associates, Wilmington, for Appellees.

Before, VEASEY, C.J., HOLLAND and HARTNETT, JJ.

HARTNETT, Justice.

This is an appeal from the grant of summary judgment in favor of Appellees Bryan Bovee and Joanne Whitlock ("Debtors"), by the Court of Common Pleas that was affirmed by the Superior Court. We consider the affirmative duties imposed on a creditor seeking a deficiency judgment after the sale of a repossessed motor vehicle. The Delaware Uniform Commercial Code requires that the creditor give "reasonable notification" to the debtor prior to selling the repossessed collateral at a public auction, and if proper notice is not given the creditor cannot prevail on a claim for a deficiency. We conclude that the creditor had the burden to establish that it gave reasonable notice of the sale to the Debtors, and that it did not meet that burden as a matter of law because it did not establish that the notices it mailed con-

tained the correct address, or that the Post Office would have timely delivered a notice with an incorrect zip code. We, therefore, **AFFIRM.**

## I.

The material facts are not disputed. On July 29, 1994, Debtors purchased a 1992 Dodge Shadow. The automobile was financed by means of a retail installment contract that gave the seller a security interest in the automobile. Appellant Friendly Finance Corporation is the assignee of that contract.

On Debtors default, Friendly Finance repossessed the automobile pursuant to 6 Del. C. § 9-503 (UCC) and sold it at public auction. The proceeds from the sale were inadequate to satisfy the indebtedness and Friendly Finance filed this action in the Court of Common Pleas to obtain a deficiency judgment. The Court of Common Pleas held that Friendly Finance had not compiled with the statutory requirements of 6 De. C. § 9-504(3) (UCC) and therefore granted summary judgment to Debtors. On appeal to the Superior Court, the grant of summary judgment was affirmed.[1]

## II.

On January 9, 1995, Friendly Finance repossessed the automobile. On January 10, 1995, it attempted to send notice to the Debtors of the public auction scheduled for February 11, 1995 by sending four notice letters, one to each Debtor at two different addresses. Certified mail notice letters were sent to each Debtor at the address listed in the retail installment contract: 16 A Vane Ct. New Castle DE 19720 (the "Old Address"). Certified mail notice letters were also sent to each Debtor at the address where the collateral was seized, their then-current address: 100 Pennsylvania Ave. #604, Wilm. DE 19801 (the "New Address"). The last zip code digit

---

1. A judgment of the Court of Common Pleas is appealable on the record to the Superior Court.
10 Del. C. § 1026.

on these envelopes was erroneous because the correct zip code is 19806. Additionally, Friendly Finance sent four notices by regular first class mail, one to each Debtor at both the new and the old addresses.[2] The incorrect zip code was also used on the notices sent to the new address.

All four notices sent by certified mail were returned by the Post Office. The Post Office returned the two certified mail notices sent to the old address with the designation: "MOVED, LEFT NO ADDRESS." The two certified mail notices sent to the new, current address were returned "UNCLAIMED." The fate of the four notices sent by regular first class mail is unknown. Debtors maintain they did not receive any of the notices.

## III.

The sole issue on appeal is whether, under the undisputed facts, Friendly Finance complied with the notice provisions of 6 Del.C. § 9–504(3) (UCC).

■ Our review of the grant of summary judgment is plenary in order to determine whether the undisputed facts entitled the movant to a judgment as a matter of law.[3] This analysis requires us to examine the record to determine whether, after viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated from the record that no material issues of fact are in dispute and it is entitled to judgment as a matter of law.[4]

## IV.

■ Part 5 of Article 9 of the Uniform Commercial Code outlines the rights and remedies of the secured party, and the debtor where there has been a default. Upon default, 6 Del.C. § 9–504 (UCC) allows a secured creditor to repossess and sell the debtor's collateral and seek any deficiency. This remedy is limited, however, by 6 Del.C. § 9–504(3) (UCC) that requires that "... reasonable notification of the time and place of any public sale ... shall be sent by the secured party to the debtor ..." The penalty for failure to meet the notice requirement is that the secured creditor can not obtain a deficiency judgment.[5] The intent of this Section is to protect the debtor's right to redemption under 6 Del.C. § 9–506 (UCC), to market the collateral to other buyers, and to oversee the sale and maximize the potential for obtaining a fair market price.[6]

## V.

■ Debtors argue that Friendly Finance failed to comply with the requirements of 6 Del.C. §§ 9–506 (UCC) and 1–201(38) because it sent notice to them at the wrong street address, a former residence, and sent notice to their current address with the wrong zip code. In *Stoppi v. Wilmington Trust Co.*[7] this Court held that written notice must be timely sent in accord with the mandate of 6 Del.C. § 1–201(38) (UCC). The Court reasoned that "such an interpretation gives greater protection to the debtor, eliminates the problems of proof associated with oral notice, and establishes exactly what no-

2. The only evidence in the record to indicate that Friendly Finance sent the regular first class mail notice is its answer to an interrogatory and a notation on a copy of the notice. There is no evidence as to who sent the notice, the date of mailing, the content of the notice, whether postage was affixed, or whether it followed any procedures to retain and record the return of regular fist class mail. Although on a motion for summary judgment, a court views the uncontroverted evidence in the light most favorable to the non-moving paty, this does not relieve a plaintiff facing a motion for summary judgment for failure to perform a duty from its burden to adduce, by affidavit or otherwise, facts which, if true, show that it could prevail. *See* Court of Common Pleas Civil Rule 56(e); 10A CHARLES ALAN

WRIGHT, ARTHUR R. MILLER & MARY K. KANE, *Federal Practice & Procedure* § 2727 at 156 (1983).

3. *Mason v. USAA*, Del.Supr., 697 A.2d 388, 392 (1997); *United Vanguard Fund, Inc. v. TakeCare, Inc.*, Del.Supr., 693 A.2d 1076, 1079 (1997); *Arnold v. Society for Savings Bancorp*, Del.Supr., 678 A.2d 533, 535 (1996).

4. *Mason*, 697 A.2d at 392; *Burkhart v. Davies*, Del.Supr., 602 A.2d 56, 59 (1991); *Benge v. Davis*, Del.Supr., 553 A.2d 1180, 1182 (1989).

5. *Wilmington Trust Co. v. Conner*, Del.Supr., 415 A.2d 773 (1980).

6. *Id.* at 776.

7. Del.Supr., 518 A.2d 82 (1986)

tice has been given in a particular instance." [8] 6 Del.C. § 1–201(38) (UCC) provides in pertinent part:

> "Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and **properly addressed**....

(Emphasis added).

█ While Article 9 does not require a creditor to show that the debtor received actual notice, a creditor seeking a deficiency judgment after sale has the burden to establish that it complied with 6 Del.C. §§ 9–504(3) and 1–201(38).[9] In this case, the creditor failed to meet that burden.

█ The only evidence adduced by Friendly Finance was that it sent notices to Debtors at their former address and to an address with an improper zip code. Friendly Finance cannot rely on the mailed notices to the old address, listed in the contract, because it learned by return mail prior to the sale that the Debtors had not received those notices.[10] Further, Friendly Finance's regular mail notices that were mailed with an incorrect zip code failed to comply with the 6 Del.C. § 1–201(38) requirement of being "properly addressed". While the use of an improper zip code on a mailed notice of sale may not *ipso facto* preclude a creditor from obtaining a deficiency judgment, here Friendly Finance failed to present any evidence showing how the Post Office processes mail that contains an incorrect zip code or that the Debtors would have likely received the improperly addressed mailed notice before the scheduled sale.

Friendly Finance had a duty to send the Debtors timely notice of the scheduled public sale of the Debtor's collateral. Friendly Finance did not meet its burden of demonstrating that it fully complied with the reasonable notice requirements of 6 Del.C. § 9–504(3) (UCC). The judgment of the Superior Court

affirming the judgment of the Court of Common Pleas is therefore **AFFIRMED**.

---

**8.** *Stoppi*, 518 A.2d at 86 (citing *Executive Financial Services, Inc. v. Garrison*, 8th Cir., 722 F.2d 417, 418–19 (1983)).

**9.** *Wilmington Trust Co.*, 415 A.2d at 780–81; *Stoppi*, 518 A.2d at 86.

**10.** *Commerce Bank of St. Louis v. Dooling*, Mo.Ct. App., 875 S.W.2d 943, 946 (1994) (citing *Mallicoat v. Volunteer Finance & Loan Corp.*, 57 Tenn. App. 106, 415 S.W.2d 347, 350–51 (1966)); *In re Carter*, 9th Cir., 511 F.2d 1203, 1204–05 (1975).