**Alfred P. SANTORO, Claimant–Appellant,**

**v.**

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 00–7177.

United States Court of Appeals, Federal Circuit.

Dec. 20, 2001.

Michael P. Horan, Paralyzed Veterans of America, of Washington, DC, argued for claimant-appellant.

Martin F. Hockey, Jr., Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. Of counsel were David M. Cohen, Director; Robert E. Kirschman, Jr., Assistant Director; and Virginia G. Farrier, Attorney. Also of counsel were Donald E. Zeglin; Michael J. Timinski; and Joshua S. Blume, Department of Veterans Affairs, of Washington, DC.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims dismissed the appeal of Alfred P. Santoro for lack of jurisdiction because Mr. Santoro used an incorrect zip code. The Court of Appeals for Veterans Claims determined that Mr. Santoro improperly addressed his notice of appeal, making his submission ineligible for the postmark rule of 38 U.S.C. § 7266(a)(3)(b) (West Supp.2000). Because Mr. Santoro's notice of appeal was "properly addressed" within the meaning of 38 U.S.C. § 7266(a)(3)(b), this court reverses.

I.

On January 29, 1998, the Board of Veterans' Appeals (Board) denied Mr. Santoro service connection for a chronic cervical spine disorder. On March 24, 1998, Mr. Santoro requested reconsideration of the decision, which the Board denied on May 1, 1998. The Board also notified Mr. Santoro that to preserve his right of appeal he must file a notice of appeal with the Court of Appeals for Veterans Claims within 120 days from the date of mailing of the Board's decision, i.e., by August 29, 1998. The Board's notice further stated:

> You must file your Notice of Appeal with the Court at the following address: *The United States Court of Veterans*

*Appeals,\* 625 Indiana Avenue, N.W., Washington, DC 20004.* File the original Notice of Appeal with the Court [of Veterans Appeals]. File a copy of the Notice of Appeal at the following address: Office of the General Counsel (027), Department of Veterans Affairs, 810 Vermont Avenue, NW., Washington DC 20420. Although you must file a copy of your Notice of Appeal with the Office of the General Counsel, filing your Notice of Appeal with the General Counsel, the Board, or any other VA office will not protect your right of appeal.

(emphasis and footnote added).

In July 1998, Mr. Santoro sent a notice of appeal to the Court of Appeals for Veterans Claims by return-receipt-requested certified mail. He addressed the notice as specified above except that he used the wrong zip code. Mr. Santoro used the zip code 20420, the zip code for the Department of Veterans Affairs, rather than 20004. The Post Office erroneously delivered the notice of appeal to the Office of the General Counsel, Department of Veterans Affairs (VA General Counsel's office) on July 27, 1998, thirty-three days before the 120 day filing deadline. The VA General Counsel's office signed for and accepted the notice of appeal.

In December 1998, Mr. Santoro learned that the Court of Appeals for Veterans Claims had no record of his notice of appeal. He immediately resubmitted his notice of appeal, which arrived well after the filing deadline. The resubmitted notice of appeal included a cover letter explaining the prior timely mailing of the notice, and a photocopy of the corresponding return-receipt-request card signed as received by the VA General Counsel's office on July 27, 1998. On March 12, 1999, the Secretary of Veterans Affairs (the Secretary) moved to dismiss Mr. Santoro's appeal as untimely filed. On March 19, 1999, the Court of Appeals for Veterans Claims ordered Mr. Santoro to show cause why the appeal should not be dismissed for lack of jurisdiction. Mr. Santoro responded that he had timely filed a notice of appeal on July 27, 1998: "[M]ishandling of either delivery of the [notice of appeal] by the postal service or receipt of the [notice of appeal] by any other administrative office, should not preempt [my] good faith effort . . . to meet all prescribed periods." The Court of Appeals for Veterans Claims then ordered the parties to brief the issue of equitable tolling. The Court of Appeals for Veterans Claims also ordered that the Secretary determine, *inter alia*, what transpired with the notice of appeal signed for and received by the VA General Counsel's office on July 27, 1998.

Following investigation and additional proceedings, the Secretary filed an unopposed motion to withdraw its motion to dismiss:

[I]n the regular course of business, [Mr. Santoro's notice of appeal] was delivered by mailroom personnel to PSG [ (General Counsel Professional Group) ] VII, and, in turn, by PSG VII personnel to the Court [of Appeals for Veterans Claims], on or about July 27, 1998. As July 27, 1998 was well within 120 days after denial of his motion for reconsideration by the Acting Chairman of the Board, [Mr. Santoro's notice of appeal] should be "deemed to be received" then, and hence timely.

---

\* At the time of this notice, the Court of Appeals for Veterans Claims was known as the Court of Veterans Appeals.

In view of this motion, Mr. Santoro did not file a brief with the Court of Appeals for Veterans Claims on the issue of equitable tolling.

The Court of Appeals for Veterans Claims held, nevertheless, that the doctrine of equitable tolling did not apply, and dismissed Mr. Santoro's appeal for lack of jurisdiction as untimely filed. Mr. Santoro filed a motion for reconsideration, seeking opportunity to argue for application of equitable tolling. The Court of Appeals for Veterans Claims denied the motion to reconsider.

Mr. Santoro appeals the Court of Appeals for Veterans Claims' dismissal. He argues that the Court of Appeals for Veterans Claims misconstrued 38 U.S.C. § 7266, and erred in refusing to treat as timely the July 1998 notice of appeal under the presumption that the VA General Counsel's office acted with administrative regularity. Mr. Santoro also argues that the Court of Appeals for Veterans Claims denied him due process of law when it dismissed his appeal without again directing him to argue for application of equitable tolling.

## II.

■ This court reviews the Court of Appeals for Veterans Claims' interpretation of statutes without deference to the extent presented and necessary for a decision. 38 U.S.C. § 7292(d) (1994); *Epps v. Gober*, 126 F.3d 1464, 1466–67 (Fed.Cir. 1997); *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed.Cir.1991). This review includes questions of statutory jurisdiction. 38 U.S.C. § 7292(a), (c) (1994); *Wick v. Brown*, 40 F.3d 367, 370 (Fed.Cir.1994). Furthermore, this court narrowly construes jurisdictional statutes. *Wick*, 40

F.3d at 370. This court does not review a challenge to a factual determination made by the Secretary or the Board of Veterans' Appeals, or the application by the Court of Appeals for Veterans Claims of law to factual situations. 38 U.S.C. §§ 7261(c), 7292(d)(2) (1994); *Bustos v. West*, 179 F.3d 1378, 1380 (Fed.Cir.1999).

Title 38 imposes specific requirements for preservation of a veteran's right of appeal to the Court of Appeals for Veterans Claims:

(1) In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.

(2) An appellant shall file a notice of appeal under this section by delivering or mailing the notice to the Court.

(3) A notice of appeal shall be deemed to be received by the Court as follows:

(A) On the date of receipt by the Court, if the notice is delivered.

(B) On the date of the United States Postal Service postmark stamped on the cover in which the notice is posted, if the notice is *properly addressed* to the Court and is mailed.

38 U.S.C. § 7266(a) (emphasis added).

■ This case calls upon this court to interpret the meaning of the term "properly addressed." More specifically, the court must decide whether an incorrect zip code renders a notice of appeal improperly addressed. The Secretary contended at oral argument that the language "properly addressed" requires that the address be

without flaw, i.e., perfect. This court rejects the Secretary's contention as contrary to the plain language of the statute and the overwhelming body of precedent.

■ Construing the statutory term according to its normal usage, a "proper" address would be "characterized by appropriateness or suitability" for its intended purpose. *The American Heritage Dictionary of the English Language* (4th ed.2000). The purpose of an address is to supply information for delivery of mail to its intended destination. Hence, an address containing errors inconsequential to delivery is still proper.

■ In this case, the address provided by Mr. Santoro contained an error which caused misdelivery of the appeal notice. Misdelivery alone, however, should not distinguish consequential from inconsequential error. Even perfectly addressed mail at times suffers misdelivery. Where an address, *ex ante*, enables delivery to the intended destination, then that address is proper and any error is inconsequential.

The Post Office itself promulgates standards for deliverable mail in the "Domestic Mail Manual of the Postal Service" (Mail Manual). 39 C.F.R. § 111.5 (2001). The Mail Manual provides, *inter alia*, that a deliverable address need not contain a zip code at all. *Id.* at A010.

Similarly, other courts considering this type of issue have held that lack of a zip code or an incorrect zip code will not preclude mail from being "properly addressed." *See, e.g., Pickering v. Comm'r*, 75 T.C.M. (CCH) 2152 (1998) (holding a missing zip code to be an inconsequential error that does not defeat a notice of deficiency); *Int'l Television Film Prod., Inc. v. Comm'r*, 45 T.C .M. (CCH) 1049 (1983)

(holding that although an address in which the zip code is incorrect may be properly addressed, an address in which both the zip code and the street address is incorrect is not properly addressed); *Price v. Comm'r*, 76 T.C. 389, 1981 WL 11367 (1981) (holding that an incorrect zip code does not render an otherwise proper address improper); *Zeigler Coal Co. v. Commonwealth, Dep't of Revenue*, 691 S.W.2d 216 (Ky.Ct.App.1985) (finding that an incorrect zip code used in a notice of tax lien did not preclude the address from being proper); *Kahl v. SAIF Corp.*, 86 Or.App. 203, 738 P.2d 999 (Or.Ct.App.1987) (holding that service was not defeated by an address with an incorrect zip code); *Judkins v. Davenport*, 59 S.W.3d 689 (Tex. App.2000) (holding that an inaccurate zip code does not render an address improper for purposes of *Texas Rule of Civil Procedure 5* ). *But see Friendly Fin. Corp. v. Bovee*, 702 A.2d 1225 (Del.1997) (holding that whether an incorrect zip code on a notice of sale is properly addressed is a question of fact).

In view of the above, the Court of Appeals for Veterans Claims erred in holding that Mr. Santoro's notice of appeal was improperly addressed because of an incorrect zip code. Because this determination is dispositive of the case, this court declines to reach the other issues presented in this appeal.

## CONCLUSION

In sum, Mr. Santoro's use of an incorrect zip code was an inconsequential error that did not prevent his notice of appeal from being properly addressed within the meaning of 38 U.S.C. § 7266(a)(3)(b). The decision of the Court of Appeals for Veterans Claims therefore is reversed.

## COSTS

Each party shall bear its own costs.

REVERSED