## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 23-7869

LANCE FREDERICK BURGAN, APPELLANT,

v.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before PIETSCH, GREENBERG, and MEREDITH, *Judges*.

### O R D E R

Veteran Lance Frederick Burgan, through counsel, filed a December 21, 2023, Notice of Appeal (NOA) from a September 9, 2021, Board of Veterans' Appeals (Board) decision that denied entitlement to a total disability rating based on individual unemployability (TDIU). The Secretary, on February 28, 2024, moved to dismiss the appeal as untimely. After the parties filed additional pleadings addressing the appellant's assertion that he and his counsel did not receive a copy of the September 2021 Board decision, this matter was referred to a panel to determine (1) whether the presumption of regularity in mailing afforded to the Secretary is rebutted when a claimant's counsel's official address for VA purposes includes both a post office (P.O.) box number and a street address but VA mistakenly mails the Board decision only to counsel's physical street address and (2) whether using counsel's physical street address was consequential to delivery under *Santoro v. Principi*, 274 F.3d 1366, 1370 (Fed. Cir. 2001). Because the appellant has not demonstrated that use of only the street address was alone sufficient to rebut the presumption or that it was consequential to delivery, we will grant the Secretary's motion to dismiss the appeal.

### I. BACKGROUND

The appellant served on active duty in the U.S. Marine Corps from February 1965 to December 1968 and from August 1974 to August 1976. Preliminary Record (Prelim. R.) at 11;[1] Appellant's Response to Motion to Dismiss (Appellant's Resp.) at 1. A VA regional office (RO) denied entitlement to TDIU in June 2018, Prelim. R. at 12, and the appellant appealed. In October 2019, he appointed attorney Kenneth M. Carpenter as his representative before VA. Prelim. R. at 32-34. The appointment form reflects that Mr. Carpenter's address is P.O. Box 2099, 1525 S. Topeka Blvd., Topeka, Kansas 66601-2099.[2] Prelim. R. at 32; *see* Appellant's Resp., Exhibit Y. The Board denied entitlement to TDIU in the September 2021 decision and, on that decision, listed

---

[1] The references to the page numbers of the preliminary record refer to the page numbers as they appear on the Portable Document Format.

[2] The Court notes that there appears to be a typographical error in counsel's October 2019 appointment paperwork, in that counsel's street address is typewritten as "S. Topeka Blvd.," Appellant's Resp., Exhibit Y; Prelim. R. at 32, while documents attached to the appellant's response that bear counsel's letterhead reflect that counsel's street address is "SW Topeka Blvd.," Appellant's Resp., Exhibits K, M, U.

counsel's address as 1525 S.W. Topeka Boulevard, Topeka, KS 66612.[3] Prelim. R. at 9-22. For purposes of a different claim for VA benefits, the appellant appointed a veterans service organization (VSO) as his representative in January 2022, which caused Mr. Carpenter to lose access to the appellant's electronic claims file. Appellant's Resp. at 3-4; *see id.*, Exhibit P. That access was restored when the appellant reappointed Mr. Carpenter as his attorney in September 2023, *id.* at 4; *see id.*, Exhibit U. Thereafter, the appellant, through counsel, filed his NOA on December 21, 2023, more than 2 years after the date of the Board decision he seeks to appeal.

## II. LEGAL LANDSCAPE

### A. Timeliness of NOA

At the time of the Board decision on appeal, to obtain Court review of an adverse Board decision, the appellant generally must have submitted an NOA to the Court within 120 days of the date on which the Board's decision was *mailed*.[4] 38 U.S.C. § 7266(a) (2018 & Supp. II 2021). The Supreme Court has held that, although "the deadline for filing [an NOA]" with this Court is "an important procedural rule," it "does not have jurisdictional attributes." *Henderson v. Shinseki*, 562 U.S. 428, 441-42 (2011). Accordingly, as of December 6, 2017, the Court's practice has been to "act on matters of timeliness of an appeal only if the Secretary . . . raises the issue in a motion to dismiss." *In re Timeliness of Notices of Appeal*, U.S. Vet. App. Misc. Order 15-17 (Dec. 20, 2017) (en banc) (per curiam). To that end, the Court amended Rule 4 of the Court's Rules of Practice and Procedure (Rules), which now provides that, if the Secretary does not, within 45 days of the date he files the Board decision with the Court, file a motion to dismiss the appeal for failure to file a timely NOA, the NOA "will be treated as timely regardless of the date it was received." U.S. VET. APP. R. 4(a)(3)(A).

When the Secretary does file a motion to dismiss within the 45-day period and the NOA was filed more than 30 days after the filing deadline, an appellant may seek equitable tolling of the deadline by "demonstrat[ing] an extraordinary circumstance that prevented filing in a timely manner and the exercise of reasonable due diligence in attempting to file a timely [NOA]." U.S. VET. APP. R. 4(a)(3)(B)(ii); *see Bove v. Shinseki*, 25 Vet.App. 136, 140 (2011) (per curiam order), *overruled in part on other grounds by Dixon v. McDonald*, 815 F.3d 799, 803 (Fed. Cir. 2016). "[I]t is the appellant's burden to demonstrate entitlement to equitable tolling and to produce any evidence supporting his [or her] claim for equitable tolling." *Palomer v. McDonald*, 27 Vet.App. 245, 251 (2015) (per curiam order), *aff'd*, 646 F. App'x 936 (Fed. Cir. 2016). Further, pursuant to caselaw, if an appellant or his or her representative asserts that he or she did not receive a copy of the Board decision, the appellant may seek to demonstrate that there was a defect in mailing of the decision and that the 120-day appeal period should not begin to run until the defect was cured by actual receipt. *See Davis v. Principi*, 17 Vet.App. 29, 36-37 (2003), *aff'd*, 85 F. App'x 771 (Fed. Cir. 2004).

---

[3] The appellant does not dispute that this is the physical address for his counsel's law office. *See* Secretary's Supplemental (Supp.) Memorandum (Memo.) at 2 (including a photograph of the address sign outside counsel's office building).

[4] The statute now provides that the appellant shall file the NOA "within 120 days after the date on which notice of the decision is *issued*." 38 U.S.C. § 7266(a) (Supp. V 2024) (emphasis added).

B. Presumption of Regularity

Regarding the Board's mailing of a decision, at the time of the Board decision on appeal, 38 U.S.C. § 7104(e)(1) and (2) provided that, "[a]fter reaching a decision on a case, the Board shall promptly mail a copy of its written decision to the claimant at the last known address of the claimant," and "[i]f the claimant has an authorized representative, the Board shall . . . mail a copy . . . to the authorized representative at the last known address of the authorized representative." 38 U.S.C. § 7104(e)(1), (2) (2018 & Supp. II 2021).[5] "For purposes of determining whether an NOA is timely filed under section 7266(a) within the 120-day period from the Board's mailing of notice of its decision, the Court applies to the Board's mailing of a decision copy under section 7104(e) a 'presumption of regularity.'" *Davis*, 17 Vet.App. at 36. The presumption is "'that public officers perform their duties correctly, fairly, in good faith, and in accordance with the law and governing regulations.'" *Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791, 795 (Fed. Cir. 1993) (quoting *Parsons v. United States*, 670 F.2d 164, 166 (Ct. Cl. 1982)). This Court has applied the presumption of regularity to processes and procedures throughout the VA administrative process, including mailings by an RO and the Board. *See Romero v. Tran*, 33 Vet.App. 252, 262 (2021) (applying the presumption to the RO's mailing of a Statement of the Case (SOC)); *Davis v. Brown*, 7 Vet.App. 298, 300-01 (1994) (applying the presumption of regularity to the Board's mailing of a copy of its decision to a veteran); *Mindenhall v. Brown*, 7 Vet.App. 271, 274 (1994) (applying the presumption of regularity to the RO's mailing of its decision to a veteran).

The appellant may rebut the presumption of regularity—which essentially provides that what appears regular is regular, *see Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001)—by producing clear evidence that VA did not follow its regular mailing practices or that its practices were not regular, *see Woods v. Gober*, 14 Vet.App. 214, 220 (2000); *Ashley v. Derwinski*, 2 Vet.App. 307, 309 (1992). An "assertion of nonreceipt, standing alone, does not rebut the presumption of regularity in VA's mailing process." *Jones v. West*, 12 Vet.App. 98, 102 (1998). "Instead, the clear evidence requirement mandates not only a declaration by the appellant of nonreceipt, but additional evidence to corroborate the appellant's declaration, such as an addressing error by VA that was consequential to delivery." *Clarke v. Nicholson*, 21 Vet.App. 130, 133 (2007) (citing *Santoro*, 274 F.3d at 1370). In *Santoro*, the U.S. Court of Appeals for the Federal Circuit determined that "[t]he purpose of an address is to supply information for delivery of mail to its intended destination" and that "an address containing errors inconsequential to delivery is still proper." 274 F.3d at 1370. As this Court explained in *Clarke*, "VA's use of an incorrect address is often consequential to delivery," and the Court has "found the existence of clear evidence to rebut the presumption of regularity when VA addressed communications to a wrong street name, wrong street number, or wrong ZIP code in circumstances indicating that such errors were consequential to delivery." 21 Vet.App. at 134 (citing *Crain v. Principi*, 17 Vet.App. 182, 188-89 (2003) (finding clear evidence to rebut the presumption of regularity when VA mailed an SOC to an incorrect ZIP Code that was associated with a city located approximately 112 miles from the city corresponding to the correct ZIP Code); *Fluker v. Brown*, 5 Vet.App. 296, 298 (1993) (finding clear evidence to rebut the presumption of regularity where the Board mailed a decision to "244 *Allen St., East Montevallo*, AL 35115" instead of "244 *Island St. East, Montevallo*, AL 35115" (emphases

---

[5] The statute now provides that the Secretary must "promptly issue notice" of a Board decision to an appellant and the appellant's representative, expressly allowing for electronic notice under certain circumstances. 38 U.S.C. § 7104(e)(1), (3) (Supp. V 2024); *see* 38 U.S.C. § 7104(f)(1) (Supp. V 2024).

3

added)); *Piano v. Brown*, 5 Vet.App. 25, 26-27 (1993) (per curiam order) (finding clear evidence to rebut the presumption of regularity where the Board mailed its decision to "2313 Isabela, Philippines" instead of "3313 Isabela, Philippines" (emphasis omitted))).

If the appellant presents clear evidence to rebut the presumption of regularity, the burden then shifts to the Secretary to establish proper mailing or actual receipt. *See Romero*, 33 Vet.App. at 267; *Baxter v. Principi*, 17 Vet.App. 407, 410 (2004). Whether clear evidence exists to rebut the presumption of regularity is a question of law that this Court reviews de novo. *See Crain*, 17 Vet.App. at 188.

### III. PARTIES' ARGUMENTS

A. Secretary's Motion to Dismiss and Appellant's Response

The Secretary moved to dismiss this appeal as untimely, noting that 834 days had passed between the date of the Board decision and the date the appellant filed his NOA. Motion to Dismiss at 4. The Secretary stressed that the appellant had not "asserted any compelling reason for his failure to submit a timely NOA nor alleged any factors that would raise the question of equitable tolling of the appeal period." *Id.*

In response, the appellant asserted that neither he nor his counsel received the September 2021 Board decision, Appellant's Resp. at 3, 4, and that his counsel did not learn of the existence of that decision until December 2023,[6] at which time he promptly filed the NOA with the Court, *id.* at 4. The appellant attached to his response a "complete copy of the Board [d]ecision as found in [his] VBMS eFolder," which reflects that the decision was correctly addressed to him but incompletely addressed to Mr. Carpenter. *Id.* at 5; *see id.*, Exhibit O. In particular, the Board decision reflects that Mr. Carpenter's address is 1525 S.W. Topeka Blvd., Topeka, KS 66612, rather than the address counsel provided to VA when he was initially appointed by the appellant, P.O. Box 2099, 1525 SW Topeka Blvd., Topeka, KS 66601-2099. *Id.* at 5. *But see id.*, Exhibit Y (listing counsel's street address as "S. Topeka Blvd."). In other words, VA omitted the P.O. box number and used a ZIP Code[7] different from that listed on the appointment paperwork. Appellant's Resp., Exhibit O; *see* Prelim. R. at 9. The appellant further asserted that "nothing . . . indicates that a copy of the Board's decision was promptly mailed or . . . when a mailing occurred." Appellant's Resp. at 5.

---

[6] This delay was due, according to the appellant, to his appointing a VSO as his representative with VA in January 2022, which had the effect of revoking Mr. Carpenter's appointment and, consequently, restricting Mr. Carpenter's access to the appellant's electronic records in the Veterans Benefits Management System (VBMS). Appellant's Resp. at 3-4; *see id.*, Exhibit P.

[7] The Court takes judicial notice that the ZIP Code for Mr. Carpenter's street address is 66612, while the ZIP Code for his P.O. box is 66601. *See Monzingo v. Shinseki*, 26 Vet.App. 97, 104 (2012) (per curiam) (finding that judicial notice may be taken of "facts of universal notoriety that are not subject to reasonable dispute"), *overruled on other grounds by Euzebio v. McDonough*, 989 F.3d 1305 (Fed. Cir. 2021). To ascertain this, the Court used the USPS ZIP Code Lookup tool. *Look Up a ZIP Code*, USPS, https://tools.usps.com/zip-code-lookup.htm?byaddress (last visited Aug. 19, 2024).

The appellant argued that, because the Secretary did not assert that VA "is entitled to the benefit of the presumption of regularity" and did not "proffer[] to this Court any information in his motion to dismiss concerning the regular process of the Board for mailing promptly its decisions to veterans or the regular process of the Board for mailing copies of its decisions to the authorized representative as required by § 7104(e)," *id.* at 6-7, the Secretary "waived his right to assert that he is entitled to the presumption of regularity," *id.* at 8. Alternatively, the appellant argued that "there is no positive evidence or authority upon which this Court can rely to find that the presumption of regularity could have attached in this case." *Id.* at 9.

## B. Preliminary Record and Narrative Response

The Secretary filed the preliminary record on May 6, 2024, stating that "a copy of the Board's September 9, 2021, decision was mailed to [the a]ppellant at [his correct address] and [to] his representative at '1525 S.W[.] Topeka Boulevard, Topeka, KS 66612,' pursuant to 38 U.S.C. § 7104([e])." Prelim. R. at 1. A declaration from the Deputy Vice Chairman of the Board reflects the same, *see id.* at 3, and documents included in the preliminary record support the declaration, *see id.*, Exhibits A, C. However, the Deputy Vice Chairman acknowledged that, "[d]ue to administrative error," the address listed on counsel's appointment form—the address including a P.O. box—was not used to mail the decision to counsel. *Id.* at 4.

## C. Supplemental Memoranda

In a May 9, 2024, single-judge order, the Court determined that the presumption of regularity attached under the circumstances of the case, held the Secretary's motion to dismiss in abeyance, and ordered the parties to file supplemental memoranda explaining whether there is clear evidence to rebut the presumption of regularity and addressing the effect, if any, of the Board's use of an incomplete address to mail the Board decision to Mr. Carpenter. Of note, the Court explained that neither party had discussed in their initial pleadings whether the use of the street address alone was consequential to delivery of the Board decision.

### 1. Appellant

In his supplemental memorandum, the appellant first objects to the Court's determination that the presumption of regularity attaches in this case. Appellant's Supp. Memo. at 1. He then asserts that "[i]t is an undisputed fact that the evidence of record . . . rebuts the presumption of regularity," *id.* at 2, because (1) VA "deleted the [P.O. box] and correct zip code" for Mr. Carpenter in addressing the Board decision and (2) the Deputy Vice Chairman of the Board admitted administrative error in mailing the Board decision, *id.* at 2-3. After summarizing *Santoro* and *Clarke*, *see id.* at 3-6, the appellant argues that, according to the U.S. Postal Service's (USPS's) *Domestic Mail Manual*,[8] the address VA used to mail the Board decision to Mr. Carpenter "was an incomplete address," and therefore the error "was a consequential address mailing error," *id.* at 7; *see* 39 C.F.R. § 111.1 (2024) (incorporating by reference the *Mailing Standards of the United States Postal Service*, *Domestic Mail Manual*, which sets forth the USPS standards used for

---

[8] The *Domestic Mail Manual* is available at https://pe.usps.com/text/dmm300/dmm300_landing.htm (last visited July 9, 2024).

domestic mail services). He then quotes several provisions of the *Domestic Mail Manual*, *see* Appellant's Supp. Memo. at 7-9, and he reiterates his position that the Board's addressing error was consequential to delivery, *id.* at 9.

### 2. *Secretary*

As an initial matter, the Secretary points out that the appellant, in his supplemental memorandum, addresses "only . . . his counsel's purported non-receipt of the Board decision," and the Secretary argues that the appellant has therefore "abandoned the mailing issue as it applies to him," an issue the appellant raised in his response to the motion to dismiss. Secretary's Supp. Memo. at 3-4 n.1. As for the copy of the Board decision mailed to counsel, the Secretary contends that Mr. Carpenter provided an incorrect mailing address in the appointment paperwork that he filed with VA in October 2019—because he omitted the "W" from "SW"—and the Secretary therefore asserts that counsel's own error "created the prospect of undeliverable mail or the option of arguing for non-receipt of mail." *Id.* at 2; *see id.* at 1-2 (citing Prelim. R., Exhibit A). The Secretary notes that the September 2021 Board decision was not returned to VA as undeliverable. *Id.* at 3.

Next, the Secretary argues that VA's omission of Mr. Carpenter's P.O. box number from the mailing address is an error that is inconsequential to delivery. *Id.* at 2-6. In this regard, the Secretary maintains that the Board decision was mailed to the intended recipient at the correct physical address—that is, the street address for Mr. Carpenter's law office—using the correct street name and number, as well as the ZIP Code for the physical address, which differs from the ZIP Code for the P.O. box. *Id.* at 2-3. Moreover, the Secretary contends, the Court has held that "a complete address is not required for mail delivery with the [USPS] so long as the address enables delivery to its intended destination." *Id.* at 4 (citing *Clarke*, 21 Vet.App. at 134).

The Secretary further asserts that "VA's mailing error was inconsequential to delivery because the address provided by [Mr. Carpenter] was a dual address (contained a street address and P.O. [b]ox number), and mail with a dual address can be delivered to either address if the minimum addressing elements are met." *Id.* at 5 (citing *Domestic Mail Manual* § 602.2.1). The Secretary again points out that the Board decision was addressed to the correct street address for counsel's law firm, including the ZIP Code, which the Secretary argues "conformed to the minimum addressing elements and aligns with USPS's delivery instructions for mail containing dual addresses." *Id.* at 6. Finally, the Secretary avers that the present case "is distinguishable from other cases where the Court has found a mailing error to be consequential to delivery" because, in those cases, "the mailing address did not belong to the target party," while here, "the mailing address does belong to the intended recipient." *Id.* at 6, 7 (citing *Crain*, 17 Vet.App. at 188-89; *Fluker*, 5 Vet.App. at 298; *Piano*, 5 Vet.App. at 26-27).

### 3. *Reply*

In reply, the appellant concedes that, if the Court concludes that VA's mailing error was inconsequential to delivery, "the Secretary's motion to dismiss must be granted." Supp. Reply at 2. He argues, however, that he has successfully rebutted the presumption of regularity and that the

6

Secretary has not carried his burden of showing actual delivery of the Board decision to Mr. Carpenter. *Id.* at 2-3.

## IV. ANALYSIS

### A. Preliminary Matters

Here, the appellant's NOA was filed with the Court more than 2 years after the date of the September 2021 Board decision he seeks to appeal, and VA moved to dismiss the appeal within the 45-day period set forth in Rule 4. *See* U.S. VET. APP. R. 4(a)(3)(B). Under these circumstances, the appellant may seek to demonstrate that equitable tolling of the filing deadline is warranted. *See* U.S. VET. APP. R. 4(a)(3)(B)(ii); *see also Bove*, 25 Vet.App. at 140. However, the appellant has not requested that the Court apply equitable tolling, nor has he provided any factual or legal arguments in support of such a result. *See Palomer*, 27 Vet.App. at 251. Accordingly, the Court will not further address that matter. *See United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020) ("'[W]hen [cases arise, courts] normally decide only questions presented by the parties.'" (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987)).

Instead, the appellant seeks to demonstrate that the 120-day appeal period should not have started to run in 2021 because of a defect in mailing the Board decision. The Court notes that, although the appellant initially asserted that both he and his counsel did not receive a copy of the Board decision, he has acknowledged that the Board listed his correct address on that decision, Appellant's Resp. at 5, and he did not dispute the Secretary's contention that he has "abandoned the mailing issue as it applies to him," Secretary's Supp. Memo. at 3-4 n.1. The Court thus concludes that he has abandoned any challenge to the Board's mailing with respect to him. *See Pederson v. McDonald*, 27 Vet.App. 276, 285 (2015) (en banc). As a result, the Court will address only whether the Board should be presumed to have properly mailed the decision to the appellant's counsel in September 2021 and, if so, whether the appellant has rebutted that presumption. *See Sineneng-Smith*, 590 U.S. at 376; *see also Chadwick v. Derwinski*, 1 Vet.App. 74, 76 (1990) (holding that mailing a decision to only the appellant's representative "violates th[e] statutory requirement" to mail the decision to both the appellant and his or her representative in 38 U.S.C. § 4004(e), now section 7104(e), *see* Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub. L. No. 102-40, sec. 402(b)(1), 105 Stat. 187, 238).

### B. Does the Presumption of Regularity Attach?

Because in his supplemental memorandum the appellant notes his objection to the Court's determination in a single-judge order that the presumption of regularity attaches in this case, *see* Appellant's Supp. Memo. at 1, the panel will address the issue. Regarding the appellant's argument that the Court cannot determine whether the presumption of regularity attaches in this case because there is a lack of evidence of the Board's regular mailing practices, Appellant's Resp. at 8-9, the Court notes that such evidence is not always required. Instead, the presumption of regularity may be "premised upon independent legal authority rather than on evidentiary findings," *Kyhn v. Shinseki*, 716 F.3d 572, 577 (Fed. Cir. 2013), and the Court has held as a matter of law that the Board properly applied the presumption of regularity where VA was under a statutory and regulatory duty to prepare an SOC and mail it to the claimant and the claimant's representative,

7

*Romero*, 33 Vet.App. at 262-64. Further, the Court in *Romero* explicitly rejected the argument that, for the presumption to apply, VA was required to produce predicate evidence of sound mailing practices and procedures beyond an official duty. *Id.* at 263; *see id.* at 262 n.85 ("*Crain*'s statement regarding the predicate evidence necessary for the presumption to attach is dicta." (citing *Crain*, 17 Vet.App. at 186)).

As the appellant notes and the Secretary concedes, at the time of the September 2021 Board decision at issue here, Congress required the Secretary to "promptly mail a copy" of a Board decision to the appellant and the appellant's authorized representative. 38 U.S.C. § 7104(e)(1)-(2) (2018 & Supp. II 2021). Because this case thus concerns VA's performance of the statutory duty to mail a Board decision to a claimant's representative, "the existence of [that] legal duty . . . [is] enough for the presumption to attach, and no further evidence [is] required to trigger the presumption." *Romero*, 33 Vet.App. at 255. Accordingly, the Court concludes that the presumption of regularity applies, and the Court may assume that VA performed its duty absent clear evidence to the contrary. *See id.* at 262. And, because the presumption attaches without the need for the Secretary to provide evidence of the Board's mailing practices, the appellant's argument that the Secretary, by not proffering such evidence, has waived his right to invoke the presumption is unavailing. *See* Appellant's Resp. at 7-8.

### C. Has the Presumption of Regularity Been Rebutted?

As noted above, the appellant may rebut the presumption of regularity with clear evidence that VA did not follow its regular mailing practices or that its practices were not regular, *see Woods*, 14 Vet.App. at 220; *Ashley*, 2 Vet.App. at 309, and an assertion of nonreceipt, alone, is not sufficient, *Jones*, 12 Vet.App. at 102. One way to bolster an assertion of nonreceipt is with "additional evidence to corroborate the . . . declaration, such as an addressing error by VA that was consequential to delivery." *Clarke*, 21 Vet.App. at 133 (citing *Santoro*, 274 F.3d at 1370). In other words, contrary to the appellant's contentions, Appellant's Supp. Memo. at 2-3, an error in addressing the mail is not alone sufficient to rebut the presumption; rather, the error must impact delivery.

"To determine whether VA's addressing error was consequential to delivery, [the Court is] guided, in part," as it has been in the past, by the *Domestic Mail Manual*. *Clarke*, 21 Vet.App. at 134. Here, as the Secretary notes, Mr. Carpenter's address for VA purposes is what the USPS refers to as a "dual address"—one that uses "both a street address and a [P.O.] box number." *Domestic Mail Manual*, § 602.2.1. The *Domestic Mail Manual* provides the following regarding a dual address:

> Mail with a dual address (both a street address and a [P.O.] box number) is delivered to the address immediately above the city and state (or to the [P.O.] box if both the street address and [P.O.] box are on the same line). If a ZIP+4 code or 5-digit ZIP Code is used, it must correspond to the address element immediately above the city and state (or with the [P.O.] box number in the address if both the street address and [P.O.] box are on the same line).

*Id.* Absent from this guidance is any indication that, where a party uses a dual address, *both* the street address and the P.O. box number *must* be present for the mail to be deliverable. Instead, this suggests that, when the USPS encounters mail addressed to a dual address, its priority is to deliver the mail to whichever location—the street address or the P.O. box—appears immediately above the city and state in the address, and the party addressing the mail must therefore use the ZIP Code for whichever location is listed immediately above the city and state. *See How Is Mail with Two (2) Addresses Handled?*, USPS, https://faq.usps.com/s/article/Delivery-of-mail-with-multiple-addresses-or-recipients (last visited Aug. 13, 2024) ("When a mailpiece consists of both a street address and a [P.O. b]ox address on two (2) lines, the [USPS's] priority will be to attempt delivery to the address immediately above the city, state, and ZIP Code.").

Here, counsel's address on his appointment form contained a P.O. box, followed by his street address, and then the ZIP Code for the P.O. box. Although the appellant summarily contends that the Board's omitting the P.O. box information was consequential, Appellant's Supp. Memo. at 7, 9, he does not acknowledge that Mr. Carpenter uses a dual address, nor does he discuss any *Domestic Mail Manual* provisions applicable to dual addresses or respond to the Secretary's contention that "mail with a dual address can be delivered to either address." Secretary's Supp. Memo. at 5. Of note, the appellant asserts that the P.O. box number is a necessary element of mail addressed to his counsel, *see* Appellant's Supp. Memo. at 2, 7, 9, but he does not provide any authority for that position or explain how omitting the P.O. box information could have affected delivery, particularly in light of the guidance outlined above suggesting that the USPS would have focused on the address immediately above the city and state, which, on the paperwork submitted to VA, was Mr. Carpenter's street address. *See* Appellant's Resp., Exhibit V. Finally, the appellant does not explain how using only one of the dual addresses would have impacted delivery to his counsel. The Court thus concludes that the appellant has not demonstrated that the Board's omitting the P.O. box and ZIP Code for the P.O. box was consequential to delivery.

The remaining question for the Court is whether the appellant has demonstrated that the Board's mailing of its decision to the street address for counsel's law office is otherwise irregular. *See Woods*, 14 Vet.App. at 220; *Ashley*, 2 Vet.App. at 309. As discussed above, the September 2021 Board decision was mailed to Mr. Carpenter at 1525 S.W. Topeka Boulevard, Topeka, KS 66612. Prelim. R., Exhibit A; *see* Appellant's Resp., Exhibit O. The appellant does not argue that the street address—including the ZIP Code—to which VA mailed the Board decision is incorrect in any way, and the Court again notes that the ZIP Code the Board used corresponds to the ZIP Code for counsel's law office.

Moreover, as the appellant acknowledges in his memorandum, the *Domestic Mail Manual* provides that "[a]ll mail not bearing a simplified address must bear a delivery address that contains at least the following elements in this order from the top line:" (1) the intended recipient's name; (2) a private mailbox designator and number "if the mailpiece is addressed to a commercial mail receiving agency"; (3) street name and number, including "the apartment number, or use the [P.O.] box number, or general delivery, or rural route[,] or highway contract route designation and box number, as applicable"; (4) the city and state; and (5) the ZIP Code. *Domestic Mail Manual*, § 602.1.3; *see id.* at § 602.1.4.2; *see also* Appellant's Supp. Br. at 8-9. The record reflects, and the appellant does not dispute, that the September 2021 Board decision was addressed to Mr. Carpenter and included the correct street name, number, city, state, and ZIP Code for his law

office. [9] The Court therefore concludes that the appellant has not carried his burden of demonstrating that the Board's mailing of the September 2021 Board decision to his counsel's office was irregular. *See Woods*, 14 Vet.App. at 220; *Ashley*, 2 Vet.App. at 309.

Because the appellant has not demonstrated that VA's addressing error was consequential to delivery, nor has he otherwise provided clear evidence to rebut the presumption of regularity in mailing afforded to the Secretary, the Court is left only with his assertion that Mr. Carpenter did not receive the Board decision. This is not sufficient, *see Jones*, 12 Vet.App. at 102, and the Court therefore concludes that the Board is presumed to have mailed the decision to counsel on the date of its decision, and the 120-day appeal period began on that date, *see Davis*, 17 Vet.App. at 36-37. The appellant's NOA, filed 834 days after the date of the Board decision he wishes to appeal, is thus untimely. 38 U.S.C. § 7266(a).

### D. Summary

In sum, the appellant here filed his NOA more than 2 years after the date of the Board decision he seeks to appeal, and the Secretary timely moved to dismiss the appeal. Because the appellant did not assert or seek to establish that equitable tolling is appropriate, and because he abandoned any contention that the Board decision was not properly mailed to him, the Court addressed only his argument that there was a defect in the Board's mailing of the decision to his attorney. As to that matter, the Court concludes that the appellant has not met his burden of demonstrating that the Board's omission of P.O. box information from a dual address was consequential to delivery. Accordingly, the appellant has not rebutted the presumption of regularity, the Board is presumed to have mailed the Board decision to counsel in September 2021, and there is no basis to excuse the filing of the NOA after the 120-day period had expired. The Court will thus dismiss the appeal.

### V. CONCLUSION

Upon consideration of the foregoing, the Secretary's February 28, 2024, motion to dismiss is granted, and this appeal is DISMISSED.

DATED: August 23, 2024                                    PER CURIAM.

---

[9] The appellant does not contend that a private mailbox designator and number were necessary.